UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDY WALTER GILL,

    Plaintiff,

v.

NANCY A. BERRYHILL,[1]

    Defendant.

CASE NO. C16-6062-BAT

**AMENDED ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

The Court issues this Amended Order to address deficiencies contained in its Order dated June 5, 2017, Dkt. 15. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## INTRODUCTION AND BACKGROUND

Andy Walter Gill seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by rejecting the medical opinion of Mary Lemberg, M.D. Dkt. 12.

Mr. Gill is currently 33 years old, has at least a high school education, and has worked as an electrician; inspector, quality assurance; and help desk representative. Tr. 26, 27, 38. On

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 21, 2017 and is therefore substituted for Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all filings by the parties should reflect this change.

AMENDED ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 1

November 5, 2015, he applied for benefits, alleging disability as of August 6, 2015. Tr. 13. His applications were denied initially and on reconsideration. *Id*. The ALJ conducted a hearing on August 4, 2016, at which time the alleged onset date of disability was amended to January 1, 2015. *Id*. The ALJ ultimately found Mr. Gill not disabled. Tr. 28.

Utilizing the five-step disability evaluation process,[2] the ALJ found Mr. Gill met the insured status requirements through December 31, 2020; had not engaged in substantial gainful activity since August 6, 2015; and he had severe impairments of sleep apnea, shoulder abnormalities, degenerative disc disease, cervical myalgia, bilateral foot abnormalities, knee arthritis, compartment syndrome, generalized anxiety disorder, persistent depressive disorder, panic disorder, rule out mild neurocognitive disorder, rule out learning disorder, and rule out attention deficit hyperactivity disorder. Tr. 15. The ALJ found Mr. Gill has the RFC to perform medium work that does not require more than frequent balancing, stooping kneeling, crouching, crawling, or climbing; that does not require more than occasional overhead reaching or working; and that is low stress, meaning it consists of simple, routine tasks, and it does not require more than occasional interaction with the general public or coworkers. Tr. 18. The ALJ further found Mr. Gill could not perform any past relevant work but that he could perform other jobs that exist in significant numbers in the national economy. Tr. 26-27. As the Appeals Council denied Mr. Gill's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

**DISCUSSION**

Mr. Gill contends the ALJ erred in evaluating the opinions of examining doctor Mary Lemberg. Dr. Lemberg completed a comprehensive psychiatric evaluation on March 14, 2016. Tr. 973-79. The doctor found Mr. Gill could

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

AMENDED ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 2

> perform simple tasks, though he would likely continue to struggle with more complex tasks due to a combination of his anxiety, depression, and cognitive limitations. He would have occasional difficulty adapting to new environments. . . He would have difficulty comprehending and recalling instructions from others . . . He would struggle to perform work activities on a consistent basis due to his psychiatric conditions. I anticipate he would have moderate difficulty dealing with the usual stress encountered in a work environment. . . He might be more capable of more simple tasks that do not worsen his underlying anxiety and cognitions, though he would greatly struggle to handle the stressors accompanying more complex tasks given the mix of cognitive limitations, anxiety and depression.

Tr. 978-79. The ALJ assigned the opinions "some weight" and "accepted" the doctor's opinion that Mr. Gill would struggle to perform work activities on a consistent basis. Tr. 25. Nevertheless, the ALJ noted that opinion did not "delineate the degree of struggle," before observing the doctor "did discuss increased struggle with more complex tasks, with greater instruction, and with greater social interaction," and concluding "[t]his is consistent that [*sic*] the claimant could persist at less demanding tasks and the claimant is limited from such complexity, need for instruction, and interaction." Tr. 25.

**A.      Work Activities on a Consistent Basis**

The parties' arguments highlight their differing interpretations of both Dr. Lemberg's opinion, and the ALJ's decision regarding that opinion. At base, the parties dispute whether Dr. Lemberg opined Mr. Gill would struggle to perform *all*, or only *complex* work activities on a consistent basis. The Court finds the ALJ did not err in concluding Dr. Lemberg opined that Mr. Gill could not perform complex work activities on a consistent basis.

Mr. Gill contends the ALJ expressly stated he accepted the doctor's opinion that he would struggle to perform work activities on a consistent basis, but failed to fashion a RFC assessment incorporating that limitation. Dkts. 12 at 3, 14 at 2. He therefore concludes the ALJ

failed to provide "specific and legitimate" reasons for rejecting the opinion as required by *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Dkt. 12 at 2. The Commissioner contends the ALJ incorporated the doctor's assessment in limiting him to simple tasks after resolving an ambiguity within the doctor's opinion. Dkt. 13 at 3-4. The Court agrees with the Commissioner that this is what the ALJ did. The ALJ's discussion clearly signals he found the opinion ambiguous, and this is why he assigned it only "some weight."[3] The ALJ recognized Dr. Lemberg discussed performing both simple and complex tasks, but when she stated Mr. Gill would "struggle to perform work activities on a consistent basis," that statement lacked detail. Tr. 25 (finding the statement "does not delineate the degree of struggle"). The ALJ then resolved the ambiguity by noting the following: 1) Dr. Lemberg discussed "increased struggle" in connection with more complex tasks; and 2) a finding that Mr. Gill would struggle to perform more *complex* work activities on a consistent basis would be consistent with the doctor's finding Mr. Gill could carry out less demanding tasks. Tr. 25. In short, the ALJ reasoned that the doctor's opinion Mr. Gill would "struggle to perform work activities on a consistent basis" was applicable only to work requiring performance of complex tasks. The inquiry is thus whether the ALJ's interpretation of the doctor's opinion was erroneous.

Mr. Gill contends that because Dr. Lemberg opined he would "greatly" struggle with

---

[3] On reply, Mr. Gill appears to assert that because the ALJ did not include Dr. Lemberg in his list of providers whose opinions were consistent with the RFC, and because the ALJ assigned only "some" weight to the opinion, it cannot be said that the ALJ found ambiguity in Dr. Lemberg's opinion. Dkt. 14 at 2. Quite the contrary. The ALJ would have been more likely to attribute Dr. Lemberg's opinion to his RFC assessment and assign the opinion "great" weight if the ALJ simply misinterpreted or mischaracterized it. Here, the ALJ's treatment of Dr. Lemberg's opinion shows he clearly found it ambiguous and resolved the ambiguity accordingly. Additionally, the ALJ's assignment of "some weight" reflects also his determination that the doctor's opinion concerning the need for a neurocognitive evaluation was not necessary based on testing in the record. Tr. 25-26 (citing Tr. 978). Mr. Gill does not challenge this portion of the ALJ's decision.

AMENDED ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 4

complex tasks,[4] her statement that he would merely "struggle" (i.e., rather than "greatly" struggle) to "perform work activities on a consistent basis" shows the doctor intended that the limitation apply to work activities that are also less than complex. Dkt. 12 at 4. But Mr. Gill's deductive reasoning is flawed because it fails to consider a fact that would support the opposite conclusion: Dr. Lemberg also found Mr. Gill could "perform simple tasks, though he would likely continue to struggle with more complex tasks." Tr. 978. In other words, the doctor found Mr. Gill would *both* "greatly struggle," and merely "struggle" to complete complex tasks.

The Commissioner contends the ALJ's interpretation merely resolved ambiguities in the doctor's opinion. Dkt. 13 at 3-4. The Court agrees. Dr. Lemberg's opinion could be interpreted in two ways: to suggest Mr. Gill would struggle with all work activities, as Mr. Gill suggests; or to suggest Mr. Gill could perform less complex tasks but would struggle with more complex tasks. In these situations, it is the ALJ who is responsible for resolving ambiguities and conflicts in the medical record. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Mr. Gill may offer a reasonable interpretation of the record, but the ALJ's conclusion was also reasonable. The Court therefore finds the ALJ did not need to provide "specific and legitimate" reasons for rejecting the opinion because the ALJ incorporated the opinion after resolving an ambiguity. This portion of the decision is therefore AFFIRMED.

**B.      Other Limitations**

---

[4] Dr. Lemberg noted Mr. Gill would "greatly struggle to handle the stressors accompanying more complex tasks given the mix of cognitive limitations, anxiety and depression." Tr. 979.

AMENDED ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 5

Mr. Gill also contends in a conclusory fashion that the RFC fashioned by the ALJ is inconsistent with Dr. Lemberg's opinions he would have difficulty comprehending and recalling instructions from others, he would have moderate difficulty in dealing with the usual stress encountered in a work environment, and his "anxiety and depression were the primary reason he was discharged from the Air Force and [she] would anticipate similar difficulties in other jobs." Dkt. 12 at 3; Tr. 979. Mr. Gill's RFC limits him to work that is "low stress meaning it consists of simple, routine tasks, and it does not require more than occasional interaction with the general public or coworkers." Tr. 18. Mr. Gill offers no analysis to demonstrate the RFC is inconsistent with these opinions. The Court may deem arguments that are unsupported by explanation to be waived. *See Avila*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (*citing Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue)). But even assuming the RFC is inconsistent with Dr. Lemberg's opinions, the Commissioner contends, any error was harmless because the jobs posited by the Vocational Expert (VE) and adopted by the ALJ are consistent with Dr. Lemberg's opinions. Dkt. 13 at 3-4. Indeed, summarizing the VE's findings, the ALJ noted the VE "testified that the identified occupations do not require decision making, are defined as requiring little or no judgment, and allow for variation in task persistence and performance within range that claimant's condition would cause with limited demands on him." Tr. 28. The ALJ also reasoned that Dr. Lemberg's discussion of "increased struggle with more complex tasks, with greater instruction, and with greater social interaction" was "consistent that [*sic*] the claimant could persist at less demanding tasks and the claimant is limited from such complexity, need for instruction, and interaction." Tr. 25. The ALJ further found the VE's testimony was consistent with the information contained in the Dictionary of Occupational

Titles. *Id.* Significantly, Mr. Gill's reply disputes that any error with respect to Dr. Lemberg's opinions was harmless only because "Dr. Lemberg unambiguously opined that Gill would 'struggle to perform work activities on a consistent basis due to his psychiatric conditions.'" Dkt. 14 at 3 (citing Tr. 979). But the Court has already determined that the opinion was not unambiguous and that the ALJ reasonably resolved the ambiguity surrounding that limitation. *See* Discussion, *supra.* Mr. Gill's reply thus also fails to articulate any harmful errors flowing from the ALJ's treatment of Dr. Lemberg's opinions.

The Court finds that to the extent Mr. Gill intended to raise additional challenges to the ALJ's treatment of Dr. Lemberg's opinions, those challenges fail. Mr. Gill has failed to show the ALJ harmfully erred. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012) (any error in evaluating the medical opinions was inconsequential to the ultimate nondisability decision.). The decision is therefore AFFIRMED.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice. The Court's Judgment entered June 5, 2017, Dkt. 16, remains in effect.

DATED this 6th day of June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

AMENDED ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 7